UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIN KWAN NG,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN OF IMMIGRATION DETENTION FACILITY,<br><br>    Respondent. | Case No. 19-cv-05919-JST<br><br>**ORDER TO SHOW CAUSE; DENYING AS MOOT REQUEST FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; APPOINTING COUNSEL; AND STAYING CASE**<br><br>Re: ECF Nos. 2, 3 |

Petitioner Kim Kwan Ng has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his ongoing detention by the United States Immigration and Customs Enforcement (ICE) at the Yuba County Jail in Marysville, California. He also seeks appointment of counsel. ECF No. 3. Petitioner has paid the $5.00 filing fee. ECF No. 1-1.

**BACKGROUND**

Petitioner was born in Hong Kong and is not a citizen of the United States. ECF No. 1 at 3. Petitioner entered the United States illegally on June 6, 1983. *Id.* Petitioner was convicted for first degree murders and assault with a deadly weapon. *Id.* Petitioner was detained by ICE on or about January 2, 2019, and has remained in ICE custody since that date. *Id.* On or about January 15, 2019, an immigration judge ordered petitioner removed from the United States. *Id.* Petitioner did not appeal this decision. *Id.* On or about April 5, 2019, petitioner received a decision to continue detention from ICE, and on or about July 26, 2019, he received a second such decision to continue detention. *Id.* at 3-4. Petitioner "has cooperated fully with all of ICE's efforts to remove" him, but ICE has been unable to remove him and is unlikely to be able to remove him

because Hong Kong has a history of not issuing travel documents. *Id.* at 4.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B. Petition

District courts have jurisdiction under 28 U.S.C. § 2241 to review habeas petitions by non-citizens challenging the lawfulness of their detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). Although 8 U.S.C. § 1231(a)(6) authorizes the government to continue to detain an alien after entry of a final removal order, it does not permit indefinite detention of an alien whose native country will not accept him if he is removed. *Id.* at 697-98. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. *Id.* at 699-700.

Petitioner contends that his continued detention is unlawful under 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. Liberally construed, the petition states a cognizable claim for habeas relief under Section 2241 based on petitioner's prolonged detention by ICE. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally). Respondent will be ordered to show cause why the petition should not be granted.

Petitioner names five persons as respondents, but only one is needed and only one is appropriate. There is generally only one proper respondent for a habeas petition under 28 U.S.C. § 2241, and that is the person "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The "longstanding practice" in habeas petitions challenging present physical confinement is that the "warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official" is the

2

1  proper respondent. *Id.* Here, the respondent listed as "Warden of Immigration Detention Facility"
2  is the proper respondent. The other named respondents are dismissed.

**C.  Request for Appointment of Counsel**

Petitioner has filed a motion for appointment of counsel. ECF No. 3. Aliens in removal proceedings have no constitutional right to counsel under the Sixth Amendment. *See United States v. Lara-Aceves*, 183 F.3d 1007, 1010 (9th Cir. 1999), *overruled in part on other grounds by United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001) (en banc). Nor do they have a right to counsel in a habeas action challenging a final removal order. *Cf. Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (holding that criminal defendants, who have a constitutional right to representation at trial, have no right to counsel in a habeas action challenging their convictions). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a § 2241 habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

Because petitioner is financially unable to employ counsel and because the interests of justice so require, the motion is GRANTED. The Court finds this action sufficiently complex and potentially meritorious to warrant the appointment of counsel. Accordingly, this matter will be referred to the Federal Public Defender to assist in locating counsel for petitioner.

**CONCLUSION**

For the foregoing reasons,

1.  The Clerk shall serve a copy of this order and the petition and all attachments thereto on respondent (Warden of Yuba County Jail) and respondent's attorney, the United States Attorney for the Northern District of California, and the Attorney General of the United States in Washington, D.C. All other named respondents shall be terminated from the docket in this action. The Clerk also shall serve a copy of this order on petitioner.

2.  Petitioner's request for appointment of counsel is GRANTED. ECF No. 3.

Pursuant to Section VIII of General Order No. 2 of the Criminal Justice Act Plan for the United States District Court for the Northern District of California, petitioner is REFERRED to the Federal Public Defender for location of counsel. Counsel will be able to seek payment for his or her representation of petitioner as provided in 18 U.S.C. § 3006A(d) and (e) and General Order No. 2 of the Criminal Justice Act Plan, VI-B ("Discretionary Appointments").

The Clerk shall provide a copy of this order to the Federal Public Defender's Office in San Francisco.

3. All proceedings in this action are stayed until an attorney is appointed to represent petitioner. Once such attorney is appointed, the Court will schedule a case management conference.

4. Because he has paid the filing fee, petitioner's request to proceed in forma pauperis (ECF No. 2) is DENIED as unnecessary.

This order terminates ECF Nos. 2 and 3.

**IT IS SO ORDERED.**

Dated: November 25, 2019

_____
JON S. TIGAR
United States District Judge